THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

TREVIS A. REED

CIVIL ACTION NO.

VERSUS

JUDGE

JEFFERSON PARISH SCHOOL BOARD

MAGISTRATE

## COMPLAINT

**NOW INTO COURT,** through undersigned counsels, comes Plaintiff, Trevis A. Reed, who is a person of full majority, domiciled in the State of Louisiana and who resides in a Parish within this Judicial District, who respectfully represents the following:

## NATURE OF THE ACTION

This is an action bought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991; also under Title I of the American with Disabilities Act of 1990, and the ADA Amendments Act of 2008, to correct unlawful employment practices on the basis of retaliation and disability. Plaintiff, Trevis A. Reed, has been retaliated against by the Defendant, because of a previous discrimination lawsuit that was successfully litigated in 2014 (2:12- cv- 02758); with the parties entering into an agreement that provided a neutral job reference for Plaintiff and monetary concessions. Plaintiff was offered a new position with the Defendant in 2015, and the offer was later rescinded after Plaintiff went to Defendant's HR department, and asked to see her file to find out why her job application was flagged. Plaintiff discovered that her personnel file contained all of the documents from the previous lawsuit

1

including her personal medical records and reports; as well the documents which alleged that she had abandoned her previous position. The details of these actions will be described with greater particularity in paragraph eleven below.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec.1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sec.2000e-3(a); and the American with Disabilities Act of 1990, and the ADA Amendments Act of 2008.

3. The employment practices alleged to be unlawful were at all times committed in the United States District Court for the Eastern District of Louisiana.

## PARTIES

4. Plaintiff, Trevis A. Reed, is a resident of St. Tammany Parish, Louisiana.

5. At all relevant times, Defendant has continuously been a domestic institution charged with the education of students in Jefferson Parish, Louisiana, doing business in the State of Louisiana and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000-e-(b), (g) and (h).

7. At all relevant times, all material facts occurred within the jurisdiction of this Court.

## STATEMENT OF CLAIMIS

8. More than thirty days prior to the institution of this lawsuit, Trevis A. Reed filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC), Charge Number 461-2016-00180, alleging she had been retaliated against because of filing a previous charge of discrimination (Charge No. 461-2011-01371) under the Americans with Disabilities Act and the ADA Amendments of 2008; and after successfully litigating said charge, in the settlement of the previous litigation, Plaintiff entered into an agreement with the Defendant, that provided for monetary compensation and a neutral job reference.  Defendant has violated that agreement which was signed and dated on

9. A Right to Sue was issued by the Department of Justice, Civil Rights Division, on October 9, 2018, and received by Plaintiff on October 16, 2018.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Plaintiff, Trevis A. Reed was originally employed by the Defendant as a Special Education teacher from August of 2009 through February 11, 2011, when she was wrongfully terminated for "job abandonment" after suffering a late term miscarriage, with medical complications that caused Plaintiff to exhaust her approved sick and extended leave.  After exhausting her administrative remedies, Plaintiff filed a discrimination charge with EEOC (Charge No. 461-2011-013710) and was issued a Right to Sue.  The matter was filed in this Court (Case 2:12-cv-02758) and after Plaintiff prevailed in a Summary Judgment Motion bought by the Defendant, the parties entered into a "Confidential Settlement Agreement" which was signed on April 29, 2014.  The

Plaintiff received monetary compensation for herself and counsel, and there was also a provision that required Defendant to place a letter in Plaintiff's personnel file which confirmed her dates of employment with Defendant, and stated that her work had been satisfactory for the purpose of any future employer inquiries. Defendant has continued to violate the "Confidential Settlement Agreement", by providing negative job references to prospective employers, and causing Plaintiff's professional reputation irreparable harm.

On July 29, 2015, Plaintiff applied for the position of Educational Diagnostician with the Defendant. On August 24, 2015, Plaintiff was interviewed and offered the position by Dr. Deidra Louis. After accepting the position, Plaintiff was contacted by Dr. Louis and informed that the Human Resource Department had flagged her name and she needed to get a clearance from HR before she could officially start her position.

On September 11, 2015, Plaintiff went to the Defendant's HR department and met with Evonne Mitchell who allowed Plaintiff to review her personnel file. When Plaintiff opened her file, she was shocked to find all the documents from her previous litigation, including all of her medical reports, depositions, and court filings. Plaintiff also discovered that all of the documents concerning her wrongful discharge for "job abandonment" were also in the files. Absent from the file was the "letter" Defendant agreed to place in her file confirming her dates of employment and her satisfactory work performance. On October 30, 2015, Plaintiff received an e-mail notification from Dr. Louis that her job application had been marked inactive.

12. The effect of the practices complained of in paragraph 11 has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her

4

status as an employee, ruin her reputation in the education community, and deny her future employment opportunities, all because of the Defendant's malicious retaliation against Plaintiff due to her exercising her right to file and pursue a charge of discrimination.

13. The unlawful practices complained of in paragraph 11 above were intentional.

14. The unlawful practices complained of in paragraph 11 above were done with malice or reckless indifference to the federally protected rights of Mrs. Reed.

15. The unlawful practices complained of herein have caused Mrs. Reed to suffer economic injuries, including, but not limited to lost wages, as well as pecuniary and non-pecuniary injuries.

16. The unlawful practices complained of herein have caused Mrs. Reed emotional damages, loss of self-esteem, and irreparable damage to her professional reputation.

17. The unlawful practices complained of herein have violated all record keeping practices established by EEOC guidelines as well as HIPPA violations.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Trevis A. Reed, requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which violate Title VII of the Civil Rights Act of 1964,

as amended, when they discriminated on the basis of retaliation against Plaintiff for exercising a federally protected right to file and pursue a charge of discrimination.

    B. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of its past and present unlawful practices.

    C. Order Defendant Employer, its officers, successors, assigns, to correct their record keeping violations in accordance with EEOC guidelines, as well as adhering to stringent HIPPA rules and regulations concerning the dissemination and protection of individual's medical records and information.

    D. Order Defendant Employer, its officers, successors, assigns to make whole, Plaintiff, Trevis A. Reed, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 11.

    E. Order Defendant Employer, its officers, successors, assigns, to make whole, Plaintiff, Trevis A. Reed, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 11, including, but not limited to, emotional pain and suffering, inconveniences, loss of enjoyment of life, lowered self-esteem and humiliation, in amounts to be determined at trial.

    F. Grant such further relief as the Court deems necessary and proper under the circumstances.

    G. Award Plaintiff its costs of this action.

Respectfully submitted,

*[signature]*

Lillian M. Thornton LSB#25525
Clarence Roby LSB #20345
3701 Canal Street, Suite "U"
New Orleans, LA 70119
(504)486-7700

PLEASE SERVE:

Patricia Adams, Esq.
Jefferson Parish School Board
501 Manhattan Blvd.
Harvey, LA 70058

7